UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SANDRA PRUITT, JASMINE HUNTSBERRY, YUVANNDA WATSON, AYAN NUR, and KAREN LAWSON, Individually and On Behalf of All Others Similarly Situated, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. _____ |
| ACT FAST DELIVERY, INC.; ACT FAST COURIER OF TEXAS, INC.; ACT FAST DELIVERY OF HOUSTON, INC.; ACT FAST OF COASTAL BEND, INC.; ACT FAST DELIVERY OF S.A., INC.; ACT FAST DELIVERY OF TYLER, INC.; ACT FAST DELIVERY OF TRAVIS COUNTY, INC.; and MIKE D. MILLER; | § § § § § § § § § § § § | |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs Sandra Pruitt, Jasmine Huntsberry, YuVannda Watson, Ayan Nur, and Karen Lawson (collectively referred to as "Plaintiffs") bringing this collective action and lawsuit on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages from Defendants Act Fast Delivery, Inc., Act Fast Courier of Texas, Inc., Act Fast Delivery of Houston, Inc., Act Fast of Coastal Bend, Inc., Act Fast Delivery of

S.A., Inc., Act Fast Delivery of Tyler, Inc., Act Fast Delivery of Travis County, Inc., and

Mike D. Miller (collectively referred to as "Defendants" or "Act Fast").  In support thereof,

they would respectfully show the Court as follows:

## I.  Nature of Suit

1.      Plaintiffs' claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C.

§§ 201-219 ("FLSA").

2.      The FLSA was enacted to eliminate "labor conditions detrimental to the

maintenance of the minimum standard of living necessary for health, efficiency and general

well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA

defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping

requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3.      Act Fast violated the FLSA by employing Plaintiffs and other similarly situated

nonexempt employees "for a workweek longer than forty hours [but refusing to compensate

them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-

half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

4.      Act Fast violated the FLSA by failing to maintain accurate time and pay records

for Plaintiffs and other similarly situated nonexempt employees as required by 29 U.S.C. §

211(c) and 29 C.F.R. pt. 516.

5.      Plaintiffs bring this collective action under 29 U.S.C. § 216(b) on behalf of

themselves and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.      Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1), (2) because Defendants reside in the San Antonio Division of the Western District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the San Antonio Division of the Western District of Texas.

## III.  Parties

8.      Pruitt is an individual who resides in Dallas County, Texas and who has been employed by Act Fast during the last three years.

9.      Huntsberry is an individual who resides in Dallas County, Texas and who has been employed by Act Fast during the last three years.

10.     YuVannda Watson is an individual who resides in Dallas County, Texas and who has been employed by Act Fast during the last three years.

11.     Ayan Nur is an individual who resides in Tarrant County, Texas and who has been employed by Act Fast during the last three years.

12.     Karen Lawson is an individual who resides in Smith County, Texas and who has been employed by Act Fast during the last three years.

13.     Act Fast Delivery, Inc. is a Texas corporation that may be served with process by serving its registered agent, John L. Jackson, at 19365 FM 2252 #5, Garden Ridge, Texas 78266. Alternatively, if the registered agent of Act Fast Delivery, Inc. cannot with reasonable

diligence be found at the company's registered office, Act Fast Delivery, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

14. Act Fast Courier of Texas, Inc. is a Texas corporation that may be served with process by serving its registered agent, John L. Jackson, at 19365 FM 2252 #5, Garden Ridge, Texas 78266. Alternatively, if the registered agent of Act Fast Courier of Texas, Inc. cannot with reasonable diligence be found at the company's registered office, Act Fast Courier of Texas, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

15. Act Fast Delivery of Houston, Inc. is a Texas corporation that may be served with process by serving its registered agent, John L. Jackson, at 19365 FM 2252 #5, Garden Ridge, Texas 78266. Alternatively, if the registered agent of Act Fast Delivery of Houston, Inc. cannot with reasonable diligence be found at the company's registered office, Act Fast Delivery of Houston, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

16. Act Fast of Coastal Bend, Inc. is a Texas corporation that may be served with process by serving its registered agent, John L. Jackson, at 19365 FM 2252 #5, Garden Ridge, Texas 78266. Alternatively, if the registered agent of Act Fast of Coastal Bend, Inc. cannot with reasonable diligence be found at the company's registered office, Act Fast of Coastal Bend, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

17.     Act Fast Delivery of S.A., Inc. is a Texas corporation that may be served with process by serving its registered agent, John L. Jackson, at 19365 FM 2252 #5, Garden Ridge, Texas 78266. Alternatively, if the registered agent of Act Fast Delivery of S.A., Inc. cannot with reasonable diligence be found at the company's registered office, Act Fast Delivery of S.A., Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

18.     Act Fast Delivery of Tyler, Inc. is a Texas corporation that may be served with process by serving its registered agent, John L. Jackson, at 19365 FM 2252 #5, Garden Ridge, Texas 78266. Alternatively, if the registered agent of Act Fast Delivery of Tyler, Inc. cannot with reasonable diligence be found at the company's registered office, Act Fast Delivery of Tyler, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

19.     Act Fast Delivery of Travis County, Inc. is a Texas corporation that may be served with process by serving its registered agent, John L. Jackson, at 19365 FM 2252 #5, Garden Ridge, Texas 78266. Alternatively, if the registered agent of Act Fast Delivery of Travis County, Inc. cannot with reasonable diligence be found at the company's registered office, Act Fast Delivery of Travis County, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

20.     Mike D. Miller is an individual who may be served with process at 9835 Trophy Oaks Drive, Garden Ridge, Texas 78266.

21.     Act Fast Delivery, Inc., Act Fast Courier of Texas, Inc., Act Fast Delivery of Houston, Inc., Act Fast of Coastal Bend, Inc., Act Fast Delivery of S.A., Inc., Act Fast Delivery of Tyler, Inc., Act Fast Delivery of Travis County, Inc., and Mike D. Miller are Pruitt's employers for FLSA purposes because, among other things, (1) "Act Fast Delivery" advertises on behalf of all seven companies, including for the positions Plaintiffs' applied to and accepted; (2) Act Fast Courier of Texas, Inc. is the maker of Plaintiffs' paychecks; (3) Mike D. Miller signs Plaintiffs' paychecks; and (4) Act Fast Courier of Texas, Inc. promulgated employment policies (including compensation policies, nondiscrimination policies, workplace safety policies, employee discipline policies, etc.) that Plaintiffs were required to comply with. In other words, Act Fast Delivery, Inc. Act Fast Courier of Texas, Inc., Act Fast Delivery of Houston, Inc., Act Fast of Coastal Bend, Inc., Act Fast Delivery of S.A., Inc., Act Fast Delivery of Tyler, Inc., Act Fast Delivery of Travis County, Inc., and/or Mike D. Miller (1) possessed the authority to hire or fire Plaintiffs; (2) supervised or controlled Plaintiffs' schedule and/or conditions of employment; (3) determined the rate and method of Plaintiffs' pay; and/or (4) maintained Plaintiffs' employment records.

22.     Act Fast is an enterprise engaged in commerce because the seven companies that compromise the enterprise (i.e. Act Fast Delivery, Inc., Act Fast Courier of Texas, Inc., Act Fast Delivery of Houston, Inc., Act Fast of Coastal Bend, Inc., Act Fast Delivery of S.A., Inc., Act Fast Delivery of Tyler, Inc., Act Fast Delivery of Travis County, Inc., and Mike D. Miller) perform related activities through unified operation or common control for a common business purpose. Specifically, Act Fast Delivery, Inc., Act Fast Courier of Texas, Inc., Act

Fast Delivery of Houston, Inc., Act Fast of Coastal Bend, Inc., Act Fast Delivery of S.A., Inc., Act Fast Delivery of Tyler, Inc., and Act Fast Delivery of Travis County, Inc. are in the courier business, have similar names, used the same or substantially the same employment manuals and/or policies, and collectively advertise as a single business unit on ZipRecruiter.com, GlassDoor.com, and other job-seeking websites searching for "delivery drivers to deliver meds." In other words, the seven companies are not completely disassociated with one another or with respect to Pruitt's employment and are under common control. They are, therefore, a covered enterprise for purposes of the FLSA. *See*, 29 U.S.C. §§ 203(r), 203(s), 206(a), 207(a); 29 C.F.R. §§ 779.200 – 779.269.

23.     Whenever it is alleged that Act Fast committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Act Fast or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

### IV.  Facts

24.     Act Fast is medical courier service; it does business in the territorial jurisdiction of this Court.

25.     Act Fast employed Pruitt as a courier from approximately August 2014 to September 2018.

26.     Act Fast employed, and continues to employ, Huntsberry as a courier from approximately March 2017 to present.

27.     Act Fast employed YuVannda Watson as an office manager from approximately May 2017 to December 2018.

28.     Act Fast employed Ayun Nur as a dispatcher from approximately January 2015 to July 2017.

29.     Act Fast employed, and continues to employ, Karen Lawson as an operations manager from approximately February 2012 to present.

30.     During Plaintiffs' employment with Act Fast, they were engaged in commerce or the production of goods for commerce.

31.     During Plaintiffs' employment with Act Fast, the company together with seven other entities and the president of all the entities (i.e., Act Fast Delivery, Inc., Act Fast Courier of Texas, Inc., Act Fast Delivery of Houston, Inc., Act Fast of Coastal Bend, Inc., Act Fast Delivery of S.A., Inc., Act Fast Delivery of Tyler, Inc., Act Fast Delivery of Travis County, Inc., and Mike D. Miller) were an enterprise engaged in commerce because they (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

32.     Act Fast paid and continues to pay couriers by the route or job.

33.     Act Fast paid dispatchers on an hourly basis.

34.     Act Fast did not pay office managers, like Watson, on a salary basis, as properly defined in 29 C.F.R. § 541.602.

35.     Watson's pay was subject to deduction because of the "quality or quantity" of his work.

36.     Watson did not receive her full weekly salary regardless of the number or hours or days she worked.

37.     Act Fast did not pay operation managers, like Lawson, on a salary basis, as properly defined in 29 C.F.R. § 541.602.

38.     Lawson's pay was subject to deduction because of the "quality or quantity" of his work.

39.     Lawson did not receive her full weekly salary regardless of the number or hours or days she worked.

40.     Plaintiffs' duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

41.     Plaintiffs were assigned to certain warehouses or routes and did not dictate their own hours.

42.     During Plaintiffs' employment with Act Fast, they regularly worked in excess of forty hours per week.

43.     Act Fast knew or reasonably should have known that Plaintiffs worked in excess of forty hours per week.

44.     Act Fast did not pay Plaintiffs overtime "at a rate not less than one and one-half times the regular rate at which they [were] employed." 29 U.S.C. § 207(a)(1).

45.     Instead, Act Fast paid the courier Plaintiffs a flat sum for each route or job they worked regardless of the number of hours they worked in a workweek. *See*, 29 C.F.R. § 778.112 (day-rate and job-rate workers entitled to additional overtime premium).

46.     Act Fast paid the dispatcher Plaintiffs, including Nur, for hours worked over forty per week at their straight time rate in violation of 29 U.S.C. § 207(a)(1).

47.     In other words, Act Fast paid Plaintiffs for their overtime at a rate less than one and one-half times the regular rate at which they were employed in violation of the FLSA.

48.     Act Fast knew or reasonably should have known that Plaintiffs were not exempt from the overtime provisions of the FLSA.

49.     Act Fast failed to maintain accurate time and pay records for Plaintiffs as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

50.     Act Fast knew or showed a reckless disregard for whether its pay practices violated the FLSA.

51.     Act Fast is liable to Plaintiffs for their unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

52.     If Act Fast classified Plaintiffs as exempt from the overtime requirements of the FLSA, they was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

53.     All couriers, office managers, dispatchers and operations managers employed by Act Fast are similarly situated to Plaintiffs because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Act Fast pursuant to 29 U.S.C. § 216(b).

## V.  Count One—Failure to Pay Overtime in Violation of

## 29 U.S.C. § 207(a)

54.     Plaintiffs adopt by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

55.     During Plaintiffs' employment with Act Fast, they were nonexempt employees.

56.     As nonexempt employees, Act Fast was legally obligated to pay Plaintiffs "at a rate not less than one and one-half times the regular rate at which they [were] employed[]" for the hours that they worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

57.     Act Fast did not pay Plaintiffs overtime "at a rate not less than one and one-half times the regular rate at which they [were] employed."  29 U.S.C. § 207(a)(1).

58.     Instead, Act Fast paid the courier Plaintiffs a flat sum for each route or job regardless of the number of hours they worked in a workweek.  *See*, 29 C.F.R. § 778.112 (day-rate and job-rate workers entitled to additional overtime premium).

59.     Act Fast paid the dispatcher Plaintiffs for hours worked over forty per week at their straight time rate in violation of 29 U.S.C. § 207(a)(1).

60.     In other words, Act Fast paid Plaintiffs for their overtime at a rate less than one and one-half times the regular rate at which they were employed in violation of the FLSA.

61.     If Act Fast classified Plaintiffs as exempt from the overtime requirements of the FLSA, they were misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

62.     Act Fast knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA.  In other words, Act Fast willfully violated the overtime requirements of the FLSA.

## VI.  Count Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

63.     Plaintiffs adopt by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

64.     The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

65.     In addition to the pay violations of the FLSA described above, Act Fast also failed to keep proper time and pay records as required by the FLSA.

## VIII.  Count Three—Collective Action Allegations

66.     Plaintiffs adopt by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

67.     On information and belief, other employees have been victimized by Act Fast's violations of the FLSA identified above.

68.     These employees are similarly situated to Plaintiffs because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

69.     Act Fast's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

70.     Since, on information and belief, Plaintiffs' experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

71.     All employees of Act Fast, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Classes are therefore properly defined as:

1) All couriers employed by Act Fast during the last three years who were paid by the route or job or otherwise not paid proper overtime;

2) All dispatchers employed by Act Fast during the last three years who were paid hourly without overtime compensation;

3) All operations managers employed by Act Fast during the last three years who were paid on a salary basis; and

4) All office managers employed by Act Fast during the last three years who were paid on a salary basis.

72.     Act Fast is liable to Plaintiffs and the other couriers for the difference between what it actually paid them and what it was legally obligated to pay them.

73.     Because Act Fast knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiffs and the other couriers their unpaid overtime wages for at least the last three years.

74.     Act Fast is liable to Plaintiffs and the other couriers in an amount equal to their unpaid overtime wages as liquidated damages.

75.     Act Fast is liable to Plaintiffs and the other couriers for their reasonable attorneys' fees and costs.

76.     Plaintiffs have retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of them and all other putative class members.

## IX.  Prayer

77.     Plaintiffs pray for the following relief:

a.      an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

b.      judgment awarding Plaintiffs and the other couriers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

c.      prejudgment interest at the applicable rate;

d.      postjudgment interest at the applicable rate;

- 15 -

e.      incentive awards for any class representative(s); and

f.      all such other and further relief to which Plaintiffs and the other couriers, office managers, dispatchers and operations managers may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____
Melissa Moore
State Bar No. 24013189
Curt Hesse
State Bar No. 24065414
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFFS**

Of counsel:

Bridget Davidson
State Bar No. 24096858
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739